**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ISIDRO CASTANEDA-ORDAZ, a/k/a
Manuel Ortiz,

*Defendant-Appellant.*

No. 01-4853

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terence W. Boyle, Chief District Judge.
(CR-01-35)

Submitted: June 20, 2002

Decided: July 18, 2002

Before LUTTIG, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Scott L. Wilkinson, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Isidro Castaneda-Ordaz pleaded guilty to one count of illegal reentry into this country, in violation of 8 U.S.C.A. § 1326(a), (b)(1) (West 1999). He appeals, arguing that the United States lacked jurisdiction because of the pendency of a petition for change of status to that of permanent resident. We affirm.

A reclassification petition filed pursuant to 8 U.S.C.A. §§ 1154(a)(1)(A)(i), 1255(i)(1)(B) (West 1999 & Supp. 2002) "does not excuse any ground of inadmissibility under . . . 8 U.S.C.[A.] § 1182(a) [West 1999 & Supp. 2002]." 66 Fed. Reg. 16383 (Mar. 26, 2001). Here, Castaneda-Ordaz was statutorily inadmissible by virtue of a conviction for possession of marijuana, his illegal entry into this country, and his previously having been ordered deported on at least two occasions. *See* 8 U.S.C.A. §§ 1182(a)(2)(A)(i)(II), 1182(a)(6)(A)(i), 1182(a)(9)(A).

More importantly, Castaneda-Ordaz has identified, and we have found, no authority for the proposition that the pendency of a petition for change of status, even in a case where the alien is not inadmissible under § 1182(a), divests the United States of jurisdiction to bring criminal proceedings against the alien under 8 U.S.C.A. § 1326.

We accordingly affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*